# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| HARSIMRAN SINGH SODHI<br>  12712 W Denton Ave<br>  Litchfield Park, AZ 85340<br><br>GURJOT KOUR<br>  H NO. 305 Bakshi Nagar<br>  Jammu, Jammu and Kashmir 180001<br>  India<br><br>          Plaintiff(s)<br><br>          v.<br><br>ANTONY J. BLINKEN, in his official capacity, Secretary, U.S. Department of State;<br>RENA BITTER, in her official capacity, Assistant Secretary, Bureau of Consular Affairs;<br>PATRICIA A. LACINA in her official capacity, Chargé d'Affaires, United States Embassy, India;<br>CONN SCHRADER, in his official capacity, Director, National Visa Center,<br>U.S. Department of State<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br><br>          Defendant(s). | Civil Action No: 1:22-cv-3234 |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

## INTRODUCTION

COME NOW HARSIMRAN SINGH SODHI (hereinafter "Plaintiff SODHI" or collectively "Plaintiffs") and GURJOT KOUR (hereinafter "Plaintiff KOUR" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff KOUR's K-1 Fiancé(e) Visa Application (hereinafter "Application") within a reasonable period of time. As a result of the Defendants' unreasonable delay, Plaintiff KOUR has been forced to live without her U.S. citizen fiancé, Plaintiff SODHI, for almost a two-year period.

2. In recognition of the special place that spouses and fiancé(e)s of U.S. citizens hold in immigration law, Congress has mandated that it shall be the policy of the State Department to process each application for a spouse or K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373. **[EXHIBIT A]**. Per its website, the National Visa Center says it is reviewing documents that were submitted on August 15, 2022.[1]

3. Plaintiff KOUR's Application has been in a period of processing for a total of 251 days (over 8 months) since the Form I-129F was approved, and since the submission of the questionnaire by Plaintiff KOUR, on April 28, 2022, there has been no action taken by the United States Embassy in New Delhi, India. The U.S. Embassy cannot reasonably continue to use

---

[1] https://travel.state.gov/content/travel/en/us-visas/immigrate/nvc-timeframes.html

COVID-19 as a defense to their failure to process Plaintiff KOUR's Application as Plaintiffs have provided the Embassy with all necessary information to adjudicate their Application and Plaintiffs have already attended their interview and provided supplemental evidence.

4. Due the Defendant's unreasonable delay, Plaintiffs cannot marry each other while waiting for the fiancé visa process to continue as this will disqualify the Visa Application from being approved. If the Plaintiffs marry, they will then be forced to pursue a marriage-based visa application, which would force them to live in separate countries for an even longer period.

5. Plaintiffs have a clear right to adjudication of Plaintiff KOUR's Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

**PARTIES**

7. Plaintiff SODHI is a resident of Maricopa County, Arizona, and a U.S. Citizen. He is the fiancé of Plaintiff KOUR and the Petitioner of an approved I-129F allowing for a fiancée visa to be issued for Plaintiff KOUR.

8. Plaintiff KOUR is a citizen of India and the beneficiary of an approved I-129F by virtue of her relationship to her fiancé, Plaintiff SODHI. Plaintiff KOUR is also the fiancée visa applicant in this matter.

9. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by

the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

10. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

11. Defendant, PATRICIA A. LACINA, is the Chargé d'Affaires of the United States Embassy in India. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

12. Defendant CONN SCHRADER is the Director of the National Visa Center (NVC). He is responsible for overseeing the collection of immigrant visa applications and supporting documents from applicants and for coordinating interviews with United States consulates and embassies abroad. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15. The Plaintiffs have repeatedly requested the Defendants to take action on Plaintiff KOUR's Application. Further, Plaintiffs, through their Senator and Congressman, have initiated multiple inquiries with the U.S. Embassy in India without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the NVC and U.S. Embassy with documents that establish Plaintiff KOUR's eligibility to receive a fiancé(e) visa to come to the U.S.

16. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

17. On February 12, 2022, Plaintiff KOUR became the beneficiary of an approved I-129F (Receipt# WAC2090007593), Petition for Alien Fiancé(e). She continues to qualify as a beneficiary based on her relationship to Plaintiff SODHI. **[EXHIBIT B].**

18. On March 8, 2022, Plaintiff KOUR's Immigrant Via Case was created, [Immigrant Visa CASE# BMB202256702101] with the NVC receiving the approved Form I-129F on March 15, 2022. **[EXHIBITS C].**

19. On April 22, 2022, Plaintiff KOUR attended her visa interview and was given a 221(g) during the interview. Plaintiff KOUR was told to expect a questionnaire in an email.

20. Plaintiff KOUR responded to the questionnaire on Wednesday April 27, 2022, via an email to the United States Embassy in Mumbai.

21. Since April 28, 2022, Plaintiff KOUR has made numerous requests for expediting her case and case status, all without receiving any meaningful response from the Consulate in Mumbai City.

22. On September 6, 2022, the office of Congressman Ruben Gallego informed Plaintiff KOUR via email that they could not predict when the processing of Plaintiff KOUR's Application would be completed.

23. On September 7, 2022, the office of Senator Kyrsten Sinema informed Plaintiff KOUR via email that they would continue to follow up with the NVC for a monthly status on the Application.

24. Plaintiff KOUR's Application remains to be in processing status with the U.S. Embassy for a total of over 251 days (over 8 months) since the Form I-129F was approved and is likely to continue in this status for months or years without judicial intervention.

25. The National Visa Center states it is currently processing documents that were submitted on August 15, 2022. Plaintiffs submitted the answers to their questionnaire on April 27, 2022. Yet, Plaintiffs still have not been given any explanation for the delay in processing, despite appeals to their Senator and Congressman.

26. Plaintiffs have endured significant financial and emotional hardships as a result of the unreasonable period of time that Plaintiff KOUR's Petition has been pending without any indication as to final adjudication.

27. Plaintiffs are unable to begin their lives together as a married couple until Plaintiff KAUR received her visa. Furthermore, the Plaintiffs' lives are on hold given that their Visa Application will be denied if they choose to marry prior to the fiancé(e) visa being issued.

**VIOLATION OF THE APA**

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Plaintiffs have a statutory right to apply for a fiancé(e) visa pursuant to 8 U.S.C. §1184(d).

30. Defendants have a duty to adjudicate Plaintiff KOUR's Application within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Plaintiffs.

33. Defendants have conducted the initial investigation, interview, and have received the required response from Plaintiff KAUR to the 221(g).

34. Congress has mandated that it shall be the policy of the State Department to process each application for a K-1 fiancé(e) of a U.S. citizen within 30 days of receipt of all necessary documents from the applicant and the USCIS. 8 U.S.C. § 1201 note 6, Act Sept. 30, 2002, P.L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

35. Further, the National Visa Center states that they are processing documents that were submitted on August 15, 2022.[2]

36. Given the Defendants' lack of a sufficient reason for not processing Plaintiff KOUR's visa Application for a period of 174 days (over five months) following the submission of all requested documents and evidence which were last submitted on April 27, 2022, Plaintiff KOUR's Application has been pending for an unreasonably long period of time.

37. Defendants cannot use COVID-19 as an excuse as all in-person interactions have already taken place and as such the Defendants should be able to proceed with the issuance of the required visa.

---

[2] https://travel.state.gov/content/travel/en/us-visas/immigrate/nvc-timeframes.html

38. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff KOUR's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff KOUR's case.

40. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff SODHI's due process rights pertaining to his familial choices, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff KOUR's Application, thereby depriving Plaintiffs of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Plaintiff KOUR to receive a decision on her application.

2. That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: October 17, 2022           Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**

**Fax:(312) 767-9030**
*Counsel for Plaintiff*